IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRACY PRICE,

            Plaintiff,

vs.                                             Civ. No. 07-760 JH/WPL

TAKATA CORP., a Japanese Corporation,
et al.,

            Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Motion to Apply Texas Substantive Law* [Doc. No. 80]. After considering the law and the briefs submitted by counsel, the Court concludes that the motion should be granted in part and denied in part.

## FACTUAL BACKGROUND

This case arises from a single car automobile accident that took place in Parmer County, Texas, in 2004. The Plaintiff, currently a New Mexico resident, purchased the car, a 2000 Honda Civic, in New Mexico. Her lawsuit asserts claims against Defendants for causes of action sounding in tort (negligence, strict products liability, failure to warn), New Mexico statute (violation of the New Mexico Unfair Practices Act), and contract (breach of express and implied warranties).

## DISCUSSION

As Defendants correctly point out, this Court must apply New Mexico choice of law rules to cases, such as this, over which it has diversity jurisdiction. *See Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1281 (10th Cir. 2003). Defendants have made a blanket argument that because the accident occurred in Texas, Texas law governs all of Plaintiff's claims.

However, that approach oversimplifies the matter. Under New Mexico law, the initial step in conflicts analysis is characterization: deciding the area of substantive law—e.g., torts, contracts, domestic relations—to which the law of the forum assigns a particular claim or issue. *Ratzlaff v. Seven Bar Flying Serv., Inc.*, 98 N.M. 159, 162, 646 P.2d 586, 589 (Ct. App.1982) (observing that "[u]nder a traditional conflict of law approach, we must first determine under what area of law the dispute arises").

As mentioned above, Plaintiff's Complaint clearly relies in part on theories of tort liability. The complaint asserts that Defendants are liable for negligence in Count I, and strict products liability in Counts III, IV, and VI (alleging that "the 2000 Honda Civic purchased by the Plaintiff presented a risk of injury which a reasonably prudent person having full knowledge of the risk would find unacceptable" and that Defendants "failed to use ordinary care to warn Plaintiff of the risk of injury").[1] The concepts of negligence, a "reasonably prudent person," and ordinary care are all tort principles. In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi*—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred. *First Nat'l Bank in Albuquerque v. Benson*, 89 N.M. 481, 553 P.2d 1288 (Ct. App. 1976). In *Torres v. State*, 119 N.M. 609, 613, 894 P.2d 386, 390 (1995), the New Mexico Supreme Court observed that the place of the wrong is the location of the last act necessary to complete the injury. *See also Restatement (First) of Conflict of Laws* (1934) § 377 n. 1 (observing that in determining the place of the wrong, "[t]he question is only where did the force impinge upon [the plaintiff's] body"). Thus, with regard to tort claims, "the rights and liabilities of persons injured in automobile accidents are determined under

---

[1] Plaintiff also asserts a claim for punitive damages. However, punitive damages are not a cause of action as such, but rather a remedy in tort.

the laws of the state where the accident happened." *State Farm Auto. Ins. Co. v. Ovitz*, 117 N.M. 547, 549, 873 P.2d 979, 981 (1994) (applying Hawaii law to tort claims arising from car accident in Hawaii, but applying New Mexico law to insurance contract entered into in New Mexico). Thus, Texas law applies to Plaintiff's tort claims.

Despite the application of the rule of *lex loci delicti commissi*, Plaintiff argues that New Mexico law should apply because the application of Texas law would violate New Mexico public policy. *See United Wholesale Liquor Co. v. Brown-Forman Distillers Corp.*, 108 N.M. 467, 470, 775 P.2d 233, 236 (1989) (stating that "the forum may decline to apply the out-of-state law if it offends the public policy of New Mexico"); *accord Reagan v. McGee Drilling Corp.*, 1997-NMCA-014, ¶¶ 8-9, 123 N.M. 68 (recognizing that New Mexico courts will enforce a contractual choice-of-law provision unless to do so would violate fundamental principle of justice, or deep-rooted traditions of New Mexico), *limited on other grounds by Piña v. Gruy Petroleum Mgmt. Co.*, 2006-NMCA-063, ¶¶ 20-22, 139 N.M. 619. The public policy exception only applies in "extremely limited" circumstances, and requires more than a mere difference among state laws. *Reagan*, 1997-NMCA-014, ¶ 9, 123 N.M. 68 (internal quotation marks and citations omitted).

Here, Plaintiff has pointed to differences between New Mexico and Texas tort laws, arguing that those differences violate New Mexico public policy. For example, Texas has a shorter statute of limitations, prohibits recovery to Plaintiffs found to be more than 50% at fault, imposes caps on punitive damage awards, permits punitive damages in a narrower category of circumstances, and does not adhere to the collateral source rule. While in several areas Texas law does present higher hurdles for tort claimants than does New Mexico law, the Plaintiff does not explain how those differences amount to a violation of New Mexico public policy, and the Court cannot simply infer that they do. Otherwise, every difference between New Mexico law and the law of another state

3

would dictate the application of New Mexico law. More is required. For example, in *State Farm Mut. Auto. Ins. Co. v. Ballard,* the New Mexico Supreme Court held that a "step down" provision in a Georgia insurance contract, which would exclude coverage for family members and was valid under Georgia law, should not be applied. The Court held:

> This Court has held that exclusion of coverage for insureds and family members violates the requirements of the NMMFRA as well as our precedent, and that such exclusions are thus contrary to New Mexico public policy. *Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 107-11, 703 P.2d 882, 884-88 (1985). In *Estep*, we reiterated the abandonment of the common law rule of interspousal immunity: "New Mexico has established that interspousal immunity is an 'archaic precept' out of tune with and contrary to public policy. *Maestas v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975)." *Id*. at 108, 703 P.2d at 885.

*Ballard*, 2002-NMSC-030 ¶ 11, 132 N.M. 696.[2] In contrast to the analysis set forth in *Ballard*, Plaintiff has failed to specifically explain how the application of Texas law violates New Mexico public policy. Plaintiff has summarily argued that this is so, but has failed to point to any authority which supports a conclusion that New Mexico public policy would be violated by the application of Texas law to her tort claims.[3]

---

[2] The New Mexico Supreme Court has also, at times, declined to find that conflicting laws from another state violate New Mexico public policy. In *Shope v. State Farm Ins. Co.*, the New Mexico Supreme Court addressed stacking of insurance coverage, which was specifically precluded under the insurance contract in accordance with Virginia law, where the policy was purchased. 1996-NMSC-052, ¶¶ 3, 6, 122 N.M. 398. The Supreme Court explained that, "[w]hile New Mexico public policy does favor the stacking of coverage in underinsured motorist cases, our rationale in establishing this policy did not concern fundamental principles of justice, but focused on the expectations of the insured." *Id*. ¶ 7 (citation omitted). The court concluded that, "[w]hile we interpret New Mexico insurance contracts to avoid repugnancy in clauses that prohibit stacking of coverages for which separate premiums have been paid, this rule is one of contract interpretation that does not rise to the level of a fundamental principle of justice." *Id*. ¶ 9.

[3] Where Plaintiff has attempted to make such arguments, they are inapplicable. For example, her citation to the discussion of public policy in *Fickbohm v. St. Paul Ins. Co.*, 2003-

4

However, not all of Plaintiff's claims are tort claims. Plaintiff's claim for breach of express and implied warranties in Count V (alleging that Defendants made "statement[s] of fact about this vehicle [] under circumstances which make it fair to regard as part of the contract") sounds in contract. The concepts of express and implied warranties with regard to sales of goods are set forth in the Uniform Commercial Code, § § 2-313 and 2-314.[4] As noted above, Plaintiff purchased her

---

NMCA-040 ¶ 21, 133 N.M. 414, regarding New Mexico's public policy upholding full compensation for claimants in the face of offsets in uninsured/underinsured motorist policies, misses the mark.

[4] UCC § 2-313(1) provides:

Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Similarly, UCC § 2-314 states:

(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as
(a) pass without objection in the trade under the contract description; and
(b) in the case of fungible goods, are of fair average quality within the description; and
(c) are fit for the ordinary purposes for which such goods are used; and
(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
(e) are adequately contained, packaged, and labeled as the agreement may require; and
(f) conform to the promise or affirmations of fact made on the container or label if any.

5

vehicle in New Mexico. With regard to claims arising from contracts, the policy of New Mexico is to interpret contracts according to the law of the place where the contract was executed, which is referred to as *lex loci contractus*. *Shope v. State Farm Ins. Co.*, 1996-NMSC-052, ¶ 9, 122 N.M. 398; *accord Ovitz*, 117 N.M. at 549, 873 P.2d at 981. Since Plaintiff purchased the car in New Mexico and the alleged warranties were made here, New Mexico law applies to this claim. "To overcome the rule favoring the place where a contract is executed, there must be a countervailing interest that is fundamental and separate from general policies of contract interpretation." *Shope*, 1996-NMSC-052, ¶ 9, 122 N.M. 398, 925 P.2d 515. Application of the rule must result in a violation of "fundamental principles of justice" in order to apply New Mexico law rather than the law of the jurisdiction where the contract was signed. *Shope*, 1996-NMSC-052, ¶ 7, 122 N.M. 398; *see Reagan v. McGee Drilling Corp.*, 1997-NMCA-014, ¶ 9, 123 N.M. 68 ("The threshold ... is whether giving effect to another state's policies would 'violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal' of the forum state.") (quoted authority omitted). Defendants have not argued that the contract law of New Mexico should not be applied.

Finally, in Count II of her Complaint Plaintiff makes a claim under a New Mexico consumer protection statute, the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-1 et seq. Plaintiff alleges that Defendants made false or misleading statements in connection with the New Mexico sale of the 2000 Honda Civic. Clearly, this claim arises under a New Mexico statute and New Mexico law applies.

---

(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Apply Texas Substantive Law* [Doc. No. 80] is **GRANTED IN PART and DENIED IN PART**. Texas law applies to Counts I, III, IV, and VI of Plaintiff's Complaint, while New Mexico law applies to Counts II and V.

_____
**UNITED STATES DISTRICT JUDGE**