# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TRACY PRICE,

        Plaintiff,

vs.                                                          Civ. No. 07-760 JH/WPL

TAKATA CORP., a Japanese Corporation,
et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Motion to Transfer Venue and Request for Hearing* [Doc. No. 83]. Defendants argue that the case should be transferred to the Amarillo Division of the United States District Court for the Northern District of Texas, where the accident that is the basis of this lawsuit occurred. After considering the law, the facts, and the arguments of counsel as set forth in their briefs, the Court concludes that the motion should be granted.

## BACKGROUND

This is a personal injury, product liability case. On August 12, 2004, Plaintiff was driving her 2000 Honda Civic in Parmer County in north Texas. According to Plaintiff, she was wearing her seatbelt and driving the posted speed limit when she suddenly lost control of her vehicle. The car went off the road and rolled, throwing her from the vehicle. Plaintiff alleges that the forces exerted on her Civic during the accident should not have been sufficient to throw her from a car equipped with properly functioning seatbelts. However, she avers that a design defect caused her seatbelt to unfasten during the accident. She is now a paraplegic. Plaintiff has sued Defendants for, *inter alia*, negligence, strict product liability for the design and manufacture of the seat belt in

question, breach of express and implied warranties, and failure to warn. She also requests punitive damages. Defendants, on the other hand, allege that not only is the seatbelt in question without defect, but that Plaintiff was not wearing the seatbelt at the time of the accident. Defendants contend that Plaintiff admitted to emergency responders at the scene that she had not fastened her seatbelt. They further contend that the sole cause of her injuries is Plaintiff's own negligence in operating the Honda Civic unsafely and in failing to buckle her seatbelt.

Defendants have filed a motion to transfer venue to the Northern District of Texas, where the accident took place.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving to transfer venue has the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Exercise of the power to transfer venue rests in the sound discretion of the district court. *Scheidt v. Klein*, 956 F. 2d 963, 965 (10th Cir. 1992). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

A court may examine the following factors: the plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including the availability of compulsory process; the cost of making the necessary proof; questions as to the enforceability of a judgment if there is one; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the

possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). This list is not exhaustive and no one factor is determinative. However, unless the balance of factors is strongly in favor of the movant, Plaintiff's choice of forum should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). After reviewing these factors, the Court concludes that transfer to the Northern District of Texas is appropriate.

First, the Court concludes that in accordance with § 1404(a), this action "might have been brought" in the Northern District of Texas. Courts have routinely found that the site of the underlying accident is an appropriate venue in products liability cases. *See, e.g., In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2003); *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N. D. Ill. 2007); *Roll v. Tracor, Inc.*, 26 F. Supp. 2d 482, 485-86 (W.D.N.Y. 1998). Next, the Court will weigh each of the factors outlined in *Chrysler Credit Corp*.

***Plaintiff's choice of forum.*** As Plaintiff has emphasized, she chose this Court and she currently lives in New Mexico. The Court is cognizant of the rule that the plaintiff's choice of forum should be given great deference and should rarely be disturbed. Notwithstanding this rule, the weight of this factor is diminished in this particular case by the fact that Plaintiff lived and worked in the Northern District of Texas at the time of the accident and that the accident took place in that District. Furthermore, Plaintiff's current residence in Portales, New Mexico is closer to Amarillo, Texas (the site of the Amarillo Division of the Northern District of Texas) than it is to Albuquerque, New Mexico (the site of a potential trial in the District of New Mexico) by over 100 miles. Given the fact that Plaintiff is a paraplegic, this difference in distance is not immaterial.

*Accessibility of witnesses and other sources of proof, including the availability of compulsory process*. Several important fact witnesses, including three emergency medical responders and the investigating police officer, reside in north Texas. All four of these witnesses will testify on the question of whether or not Plaintiff had latched her seatbelt prior to the accident, and the police officer will offer additional testimony regarding the cause of the accident. The three emergency medical responders all live about 90 miles from the Amarillo federal courthouse, whereas the Albuquerque federal courthouse is about 275 miles from their homes. Defendants have offered evidence establishing that Amarillo would be a more convenient location for each of these three witnesses to testify at trial. As for the investigating police officer, he has testified that his employer will allow him to travel no more than 100 miles to attend a trial, placing Albuquerque out of range. Therefore, he could not come to New Mexico to testify. Defendants also point to Sheriff Randy Geries, who went to the accident scene and will testify at trial. He too resides in north Texas and has testified that it would be more convenient for him to attend trial in Amarillo.

Significantly, all five of these witnesses are outside this Court's subpoena power, but are within that of the Northern District of Texas. Plaintiff contends that these witnesses are willing to come to New Mexico to testify, provided they are paid a witness fee and reimbursed for travel expenses. However, in the context of a motion to transfer, the proper inquiry is not whether the witnesses are willing to come to New Mexico, but whether New Mexico is a more convenient forum for them.

In her Initial Disclosures, the Plaintiff designated several non-party fact witnesses, all of whom live within the Northern District of Texas. While one witness—the Plaintiff herself—lives within this District, as the Court has already noted, she resides closer to Amarillo in the Northern District of Texas. However, in her response to the motion Plaintiff now comes forward with five

4

additional fact witnesses who reside in New Mexico, as well as numerous other fact and expert witnesses who reside in states other than New Mexico or Texas. Of these 20 additional witnesses listed by Plaintiff, nine were not designated as witnesses until after Defendants filed their motion, and seven have never been so designated. Nor has Plaintiff offered any evidence concerning the materiality of the anticipated testimony of fifteen of these additional witnesses. *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (noting that it is necessary that factual information relative to the materiality of the witness testimony be supplied to the trial court). Instead, she has submitted a conclusory summarization of their anticipated testimony unsupported by evidence. More importantly, Plaintiff fails to offer evidence from *any* of the 20 witnesses enumerated in her response to the effect that Albuquerque would indeed be a more convenient forum.

For example, while Plaintiff has offered evidence that Dr. Richard George, Kevin Thompson, and Andy Rogers would be *willing to travel* to New Mexico, there is simply no evidence indicating that Albuquerque is a more convenient forum for them. To the contrary, each of them office and/or reside within the Northern District of Texas, where they are considerably closer to Amarillo than Albuquerque and where they are subject to compulsory process only in the event of transfer to the Northern District of Texas.

As for witnesses with testimony regarding the alleged design and manufacturing defect in the Honda Civic's seat belt latch, there is no indication that any of those witnesses reside in the District of New Mexico or would find this a more convenient forum. In fact, Defendants have provided affidavits stating that none of the Defendants maintains an office, plant, or other facility in the State of New Mexico, and Plaintiff herself has stated that "the fact witnesses who are the major sources of evidence relating to . . . the creation and existence of the defect which caused my injuries are spread throughout the United States and Japan." Ex. 2 to Doc. No. 83. More

5

specifically, it appears that the two witnesses concerning the design or manufacture of the seatbelt buckle for which Plaintiff has offered some evidence, Thomas Horton and Hideo Kitamura, reside in Michigan and Japan, respectively. Plaintiff has presented no evidence to the effect that Albuquerque is a more convenient forum for these witnesses. That being the case, there is no reason to believe that New Mexico would be a more convenient forum for any witnesses with testimony regarding the allegedly defective seatbelt latch.

Again, Plaintiff has offered no evidence from most of her witnesses concerning the materiality of their testimony, nor has she offered *any* evidence establishing that Albuquerque would be a more convenient forum for any witness, including herself. The evidence before the Court leads the Court to the conclusion that the Northern District of Texas would be a more convenient forum for the majority of witnesses with material testimony. Because the convenience of these witnesses is a primary factor in passing on a motion to transfer, it weighs *heavily* in favor of transfer.

***The cost of making the necessary proof.*** This factor also weighs in favor of transfer. The fact witnesses who live in the Northern District of Texas will have to travel a shorter distance to Amarillo to testify and likely would not have to spend the night there. In contrast, the significantly greater distance to Albuquerque will result in higher travel costs and probably result in an overnight stay for most of those witnesses. The Court has been presented with no evidence that the New Mexico fact witnesses designated by Plaintiff would find a New Mexico trial to be more convenient or cost effective. Indeed, although Plaintiff herself resides in New Mexico, Amarillo is a closer and likely more convenient forum for her. Finally, there is no reason to think that it would be any significant difference in travel costs for those witnesses traveling from other states or other countries, regardless of whether the trial is held in Albuquerque or Amarillo.

***Questions as to the enforceability of a judgment if there is one.*** This factor is probably a

wash, given the size of the Defendants and their ability to satisfy a potential verdict. However, as Defendant American Honda Motor Company points out, it maintains an office in Dallas County, within the jurisdictional boundaries of the Northern District of Texas. No other Defendant maintains an office or other facility in either District.

***Relative advantages and obstacles to a fair trial.*** This factor weighs in favor of neither forum, as both could provide the parties with a fair trial.

***Difficulties that may arise from congested dockets.*** This factor weighs slightly in favor of transfer. Statistics maintained by the Administrative Office of the United States Courts, cited by Defendants, demonstrate that the District of New Mexico is one of the busiest in the nation, and that it has more pending cases per judge and a higher median time from filing to disposition of civil cases than does the Northern District of Texas.

***The possibility of the existence of questions arising in the area of conflict of laws.*** This factor is neutral. As discussed in this Court's Memorandum Opinion and Order regarding *Defendants' Motion to Apply Texas Substantive Law* as well as in its Memorandum Opinion and Order regarding *Plaintiff's Motion to Reconsider*, under New Mexico's choice of law rules both Texas and New Mexico law apply to Plaintiff's claims. Thus, the questions arising regarding the conflict of laws have been resolved. Furthermore, regardless of whether a district judge in New Mexico or Texas tries this case, that judge will deal with claims requiring the application of laws from another jurisdiction.

***The advantage of having a local court determine questions of local law***. As discussed in this above-mentioned Memorandum Opinions and Orders of this Court, Texas law applies to Plaintiff's claims sounding in tort, while New Mexico law applies to her single claim sounding in contract as well as to her claim under the New Mexico Unfair Practices Act. Plaintiff argues that

7

"[i]t would be extremely difficult to educate a Texas Court as to the proper operation" of New Mexico law. Doc. No. 98 at p. 14. The Court disagrees. The judges of the Northern District of Texas are more than competent to research and understand New Mexico law. Moreover, only two of Plaintiff's claims arise under New Mexico law, whereas the remainder require the application of Texas law. Further, in the court's view, the claims arising under New Mexico law -- for violation of the New Mexico Unfair Practices Act and for breach of express and implied warranties -- are somewhat subsidiary to Plaintiff's tort claims.[1] As such, this factor weighs in favor of transfer, albeit only slightly.

***Other considerations of a practical nature that make a trial easy, expeditious and economical.*** This factor weighs in favor of transfer as well. As Defendants point out, the Amarillo courthouse is significantly closer to Plaintiff, for whom travel is difficult. Plaintiff does not respond to this argument. Instead, she contends that travel for the numerous out-of-state witnesses who will attend the trial will be easier and cheaper if the trial is held in Albuquerque, because the Albuquerque airport is larger than the Amarillo airport. However, having failed to establish the materiality of the testimony of most of these out-of-state witnesses, Plaintiff's argument is given little weight. As Plaintiff concedes "the materiality of the witness's testimony is more important than the number of witnesses." Doc. No. 98 at p. 9.

## CONCLUSION

Having weighed all of the relevant factors, the Court concludes that Defendants have demonstrated that the present forum is inconvenient and that transfer to the Northern District of

---

[1] Defendant contends that because neither of the claims governed by New Mexico law are viable, this factor weighs in favor of transfer. The Court, however, declines to resolve the viability of these claims in the context of a motion to transfer venue, particularly on the present record without the benefit of a full briefing by the parties.

Texas is warranted and will promote the interest of justice.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Transfer of Venue, filed June 19, 2008 [Doc. 83], is hereby **GRANTED**.


Dated this 14th day of August 2008.

                                                                          _____
                                                                          **UNITED STATES DISTRICT JUDGE**