

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TRACY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>TAKATA CORP., a Japanese Corporation; TAKATA INC., a Delaware Corporation; TK HOLDINGS, INC., a Delaware Corporation; TK HOLDINGS I, LLC., a Delaware Corporation; TAKATA RESTRAINT SYSTEMS INC., a Delaware Corporation; TAKATA SEAT BELTS INC., a Delaware Corporation; TAKATA USA, CORP., a Delaware Corporation; HONDA MOTOR COMPANY, LTD., a Japanese Corporation; HONDA RESEARCH AND DEVELOPMENT CO., LTD., a Japanese Corporation; AMERICAN HONDA MOTOR COMPANY, a Delaware Corporation; HONDA OF AMERICA MANUFACTURING, INC., a Delaware Corporation; UNITED STATES TESTING COMPANY, INC., a Delaware Corporation,<br><br>Defendants. | NO. 2:08-CV-151-J |

## <u>Memorandum Opinion</u>

On August 12, 2004, Plaintiff Tracy Price was driving her 2000 Honda Civic in Parmer County near Lazbuddie, Texas. Plaintiff lost control of her vehicle and went off the road in a single vehicle accident. Her vehicle rolled, and Plaintiff was thrown from her vehicle. Plaintiff suffered significant personal injuries, and is now paraplegic. At the time of the accident,

Plaintiff was a resident of Lazbuddie, Texas. After her accident, Plaintiff moved to Portales, New Mexico, in order to live with her family.

Plaintiff alleges that she was wearing her seatbelt and driving the posted speed limit at the time of her accident. Plaintiff further alleges that a design defect caused her seatbelt to partially engage. Plaintiff states that the partially engaged seatbelt failed to restrain her, and that the forces exerted on her Civic during the accident should not have been sufficient to throw her from a car equipped with properly functioning seatbelts.

Defendants allege that the seatbelt in question is without defect and that Plaintiff was not wearing the seatbelt at the time of the accident. Defendants contend that Plaintiff admitted to emergency responders at the scene that she had not fastened her seatbelt. They further contend that the sole cause of her injuries is Plaintiff's own negligence in operating the Honda Civic unsafely and in failing to buckle her seatbelt.

## I. BACKGROUND

On August 8, 2007, Plaintiff filed this action in the United States District Court in the District of New Mexico, almost three years after her accident. Plaintiff sought relief under six different counts: (1) negligence; (2) unfair trade practices under New Mexico's Unfair Practices Act; (3) strict products liability; (4) breach of warranties; (5) fraud; (6) and punitive damages. The New Mexico District Court held that Texas substantive law applied to the claims of negligence, strict products liability, and fraud, while New Mexico substantive law applied to the Unfair Practices Act and breach of warranties claims. The New Mexico District Court transferred the present case to the Northern District of Texas, Amarillo Division. This Court dismissed Plaintiff's the claims of fraud (count 5) on August 28, 2008.

Defendants Takata Corp., Takata Inc., TK Holdings, Inc., TK Holdings I, LLC., Takata Restraint Systems, Inc., Takata Seat Belts, INC., Takata USA, Corp., Honda Motor Company, LTD., Honda Research and Development Co. LTD., American Honda Motor Company, and Honda of America Manufacturing, Inc. request summary judgment on the following issues: (1) that the two year Texas statute of limitations applies to all of Plaintiff's claims, and that limitations had run on all claims; (2) that Plaintiff's claims of breach of warranties are barred by the New Mexico Statute of limitations; (3) that there is no evidence supporting Plaintiff's claims of breach of warranty; (4) that Defendants disclaimed all warranties and Plaintiff's breach of warranties claims fail as a matter of law; (5) that Plaintiff's claim under UPA fails as a matter of Law; and (6) that there is no evidence of any unfair practice under the UPA. Defendants' *Motion for Summary Judgment* is GRANTED in counts 2 and 4 DENIED in counts 1 and 3.

## II. DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *quoting Celotex Corp.*, 477 U.S. at 323. The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### (1) WARRANTY

Plaintiff alleges that Defendants Honda and Takata, by virtue of allowing the 2000 Honda Civic purchased by Plaintiff to be sold in the United States, expressly warranted that the vehicle complied with all federal and state safety standards. Plaintiffs further allege that the vehicle did not comply with all safety standards and Defendants thus breached their warranty. Defendants assert that the four year statute of limitations applicable to contracts has run and Plaintiff's complaint is barred. Plaintiff responds that this court should apply the New Mexico three year personal injury statute of limitations - commencing at the time of the accident - to Plaintiff's warranty claims, and that therefore the warranty claim is not barred.

Plaintiff purchased her car on June 19, 2003, and filed her claim on August 8, 2007. Under the New Mexico Uniform Commercial Code (U.C.C.), an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

N.M. STAT. § 55-2-275(1). A breach of warranty occurs when tender of delivery is made. N.M. STAT. § 55-2-275(2). A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *Id.* Because the cause of action accrued more than four years before the claim for breach of warranty was made, the claim for breach of warranty is barred by the statute of limitations.

Plaintiff's argument that this court should apply the personal injury statute of limitations is not supported by New Mexico law. At least one New Mexico court has applied the four year U.C.C. statute of limitations to warranty claims arising from personal injury. *Fernandez v. Char-Li-Jon, Inc.* 888 P.2d 471 (N.M. App. 1994) (Holding that a personal injury suit claiming breach of warranty on the sale of a defective bar glass which shattered, causing personal injuries was governed by the U.C.C. statute of limitations); *Abrogated on separate grounds* by *Romero v. Bachicha* 28 P.3d 1151 (N.M. App. 2001). Plaintiff cites no New Mexico case law showing any other measure of limitations has ever been applied. Defendants' motion for summary judgment as to Plaintiff's claim of breach of warranty (count 4) is therefore GRANTED.

(2) UNFAIR PRACTICES ACT

Plaintiff alleges that "Defendants participated in the scheme whereby the seatbelt testing organization hired to test the seatbelts installed in Honda vehicles falsely certified that the TK-52 seatbelts complied with Federal Motor Vehicle Safety Standards." Plaintiff further alleges that she relied on the stated or implied representation that the 2000 Honda Civic she purchased had a seatbelt which complied with all federal and state safety standards. Plaintiff claims that Defendants' misrepresentation of the vehicle's seatbelt safety constitutes a breach of the Unfair

Practices Act. Defendants argue that the Unfair Practices Act does not provide a remedy for personal injuries.

New Mexico courts have not held that the Unfair Practices Act provides a remedy for personal injuries. *Apodaca v. AAA Gas Co.* 73 P.3d 215, 238 (N.M. App. 2003). ("We do not decide whether the Unfair Practices Act provides a remedy for personal injury claims.") However, the language of New Mex. Stat. 1978 § 57-12-10(B) limits causes of action and recovery under the Unfair Practices Act to persons who have suffered a "loss of money or property, real or personal." The Unfair Practices Act has no provision for recovery for damages which are not a loss of money or property, such as damages for personal injury. Further, Plaintiff has not cited a single New Mexico court decision which has allowed a claim for personal injuries under Unfair Practices Act.

The present case is ultimately a products liability case. Plaintiff alleges she was injured as the result of a defective seatbelt in her vehicle.

Plaintiff next alleges that Defendant violated Unfair Practices Act when Defendant failed to inform Plaintiff that the seatbelt did not conform to federal and state standards. The Unfair Practices Act is structured to provide relief in addition and supplement to existing remedies. However, it cannot reasonably be extended to all products liability. *See:* NEW MEX. STAT. 1978 § 57-12-10(D) ("The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state.")

Defendants' *Motion for Summary Judgment* on Plaintiff's Unfair Practices Act claim (count 2) is therefore GRANTED.

(3) STATUTE OF LIMITATIONS

The Court declines to grant summary judgment on Plaintiff's claims of negligence and strict products liability. Defendants argue that - under Texas and New Mexico choice-of-law statutes - this Court should apply Texas statutes of limitations to all claims as part of Texas procedural law.

Defendants argue that the transferee court must follow the choice-of-law rules of the transferor court. *Cowan v. Ford Motor Co.*, 713 F.2d 100, 104 (5th Cir. 1983). Defendants also argue that this Court must make a new choice-of-law determination as to the applicable statute of limitations. They argue that both Texas and New Mexico considers statutes of limitation to be procedural. In both states, the statutes of limitations of the forum state apply. *Grygorwiez v.Trujillo*, 140 P.3d 550, 554 (N.M. App. 2006). Defendants posit that this Court therefore must find that the shorter Texas statute of limitations applies under Texas choice of law rules. This shorter statute of limitations would bar Plaintiffs claims. TEX. CIV. PRAC. & REM. CODE §16.003(a) (an action for personal injury must be brought not later than two years after the day the cause of action accrues). In essence, Defendants assert that they have eliminated Plaintiff's causes of action by persuading the New Mexico court to transfer this case to the Northern District of Texas for the convenience of the parties.

This assertion is incorrect. When a case has been transferred via 28 U.S.C. § 1404(a), the transferee court must apply the law of the transferor court regardless of who initiated the transfer. *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). A transfer under section 1404(a) is "but a change of courtrooms" where "the critical identity to be maintained is between the federal district court which decides the case and the courts of the State in which the action was filed." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).

"*Van Dusen* stands for the proposition that a change of venue pursuant to 28 U.S.C.A. § 1404(a), is nothing more than a judicial housekeeping measure for the convenience of the parties and witnesses." *Alabama Great Southern R. Co. v. Allied Chemical Corp.* 467 F.2d 679, 681 (5th Cir. 1972). "Section 1404(a) was not intended to result in a change of law to the prejudice of either party." *Id*. *Van Dusen* dictates that this Court should view this case as if it were sitting in New Mexico where the suit was filed. *Id*. "Where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Id*.

The district court in New Mexico determined that the New Mexico statute of limitations would apply. This Court must view the present case as if it were sitting in New Mexico. Thus, this Court, like the New Mexico district court, will apply the New Mexico statute of limitations. New Mexico allows a three year statute of limitations for personal injury cases. NEW MEX. STAT. 1978 § 37-1-8(D). Plaintiff's claim was brought within three years of her injury, and is thus not barred by the statute of limitations.

For these reasons, the Defendants' *Motion for Summary Judgment* for Plaintiff's claims of negligence and strict products liability (counts 1 and 3) are DENIED.

Signed this 27th day of January 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE