IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 10 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| TRACY PRICE | § |
| Plaintiff, | § § § |
| v. | § § NO. 2:08-CV-151-J |
| TAKATA CORP., *et al*, | § § |
| Defendants. | § § § |

### CHARGE TO THE JURY

MEMBERS OF THE JURY:

This case is submitted to you on specific questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this charge.

Do not let bias, prejudice, or sympathy play any part in your deliberations.

Do not consider any statement which I have made, either in the course of trial or in these instructions, as an indication that I have any opinion about the facts of the case.

Do not decide who you think should win and then try to answer the questions accordingly. You will not decide any question by lot, by drawing straws, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous.

1

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

All questions, unless otherwise instructed, are to be answered by you from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

In determining whether any fact in question has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.

Generally speaking, there are two types of evidence which you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

A corporation can act only through its officers and employees. Any act or omission of an officer or an employee of a corporation, within the scope or course of his employment, is the act or omission of the corporation.

In this Jury Charge, "Takata" refers to Takata Corp., Takata Inc., TK Holdings, Inc., TK Holdings I, LLC., Takata Restraint Systems INC., Takata Seat Belts Inc., and Takata USA, Corp. Similarly, "Honda" refers to Honda Motor Company, LTD., Honda Research and Development Co., LTD., American Honda Motor Company, and Honda of America Manufacturing.

The statements and arguments of counsel are not evidence.

## Statement of the Case

This lawsuit stems from a single-vehicle accident that occurred on August 12, 2004 on FR 145 in Parmer County, Texas. The plaintiff, Tracy Price, was driving her 2000 Honda Civic when an accident occurred, the vehicle rolled over and she was ejected. She sustained a severe injuries in the accident and is now a paraplegic.

Plaintiff Price claims she was wearing her seatbelt at the time of the accident. Plaintiff claims the seatbelt in her vehicle was defective and unreasonably dangerous, which is the reason she was ejected from the vehicle in the accident. Plaintiff claims the Honda and Takata defendants defectively designed and marketed the seatbelt system in her vehicle.

The Honda Defendants designed, manufactured, assembled, tested and distributed the 2000 Honda Civic. The Takata Defendants designed, manufactured, assembled and distributed the TK-52 and A7 series seatbelt buckles.

The Defendants claim Tracy Price was not wearing her seatbelt at the time of the accident. Defendants deny the plaintiffs claims of a defect in the seatbelt system in the 2000 Honda Civic automobile.

### Proximate Cause

Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.

### Producing Cause

"Producing cause" means a cause that was a substantial factor in bringing about the occurrence, and without which the occurrence would not have occurred. There may be more than one producing cause.

### Negligence

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

### Ordinary Care

"Ordinary care" means the degree of care that would be exercised by a person of ordinary prudence under the same or similar circumstances.

## Design Defect

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

A "Safer alternative design" means a product design other than the one actually used that in reasonable probability –

(1) Would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility; and

(2) Was economically and technologically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

## **Marketing Defect**

A "marketing defect" with respect to the product in question means the failure to give adequate warnings of the automobile's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

"Adequate" warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the automobile's use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication of the nature and the extent of the danger and how to avoid it to the mind of the reasonably prudent person.

An "unreasonably dangerous" automobile is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the automobile with the ordinary knowledge common to the community as to the automobile's characteristics.

## **Federal Motor Vehicle Safety Standard 209**

The National Highway Traffic Safety Administration is an agency of the U.S. Department of Transportation. It has a legislative mandate under United States federal law to issue Federal Motor Vehicle Safety Standards and Regulations to which manufacturers of motor vehicles and items of motor vehicle equipment must conform and certify compliance. Federal Motor Vehicle Safety Standard 209 ("FMVSS 209") addresses seat belt assemblies.

FMVSS 209 in relevant part states "A metal-to-metal buckle shall be examined to determine whether partial engagement is possible by means of any technique representative of actual use. If partial engagement is possible, the maximum force of separation when in such partial engagement shall be determined." It also provides that the buckle latch of a seat belt assembly when tested shall separate when in any position of partial engagement by a force of not more than 5 pounds.

**<u>Damages</u>**

If you find that Plaintiff was wearing her seatbelt and that the seatbelt's design defect was a producing cause of her injuries, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole— that is, to compensate her for the damage that she has suffered.

The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

Mitigation of Damages

If you find any Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which she could have avoided through reasonable effort.

If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which her would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving that the Plaintiff's conduct was not reasonable.

### Exemplary Damages

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

To impose exemplary damages against a corporation, you must find by clear and convincing evidence that the harm to Plaintiff resulted from gross negligence attributable to a Defendant.

"Clear and convincing evidence" means the measure or degree of proof that will produce in your mind a firm belief or conviction as to the truth of the allegations. It is a degree of proof that is higher than the "preponderance of the evidence" that applies to all other issues in this case.

*"Gross negligence"* means an act or omission by a defendant:

1) which, when viewed objectively from the standpoint of a defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2) of which a Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that Defendants may be grossly negligent because of an act by an employee, but only if:

1) The Defendant corporation authorized the doing and the manner of the act, or

2) The employee was unfit and the Defendant was reckless in employing the employee, or

3) The employee was employed in a managerial capacity and was acting in the scope of employment, or

4) A manager employed by Defendant ratified or approved the act.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Signed this _____ day of April 2009.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE